IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOSEPH NELUMS, on behalf of himself and others similarly situated, | No. |
| Plaintiff, | |
| v. | **COMPLAINT – CLASS ACTION** |
| AMERICA'S LIFT CHAIRS, LLC, and PROSPECTS DM INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Joseph Nelums (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Prospects DM Inc. ("Prospects DM") on behalf of America's Lift Chairs, LLC ("America's Lift") to market America's Lift's services through

the use of pre-recorded telemarketing calls in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (hereinafter referred to as the "TCPA").

3. Prospects DM also made telemarketing calls on America's Lift's behalf to residential numbers listed on the National Do Not Call Registry, like Mr. Nelums's, which is prohibited by the TCPA.

4. The recipients of Defendants' illegal calls, which include Plaintiff and the proposed Class, are entitled to damages under the TCPA and because the technology used by Defendants makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

5. Plaintiff Joseph Nelums is an individual.

6. Defendant America's Lift Chairs, LLC is a Georgia limited liability company with a registered agent of Jason Jue, 2 Village Walk, Suite 204 in Savannah, GA 31411.

7. Defendant Prospects DM Inc. is an Ohio corporation with a main office in California.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227, *et seq*.

9. This Court has personal jurisdiction over Prospects DM because the company is a resident of this District. The Court has personal jurisdiction over America's Lift Chairs because they contracted with Prospects DM resulting in the calls at issue in this case and were aware they

were contracting with an entity based in Ohio that was going to be making the telemarketing calls at issue.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telephone calls at issue were placed by Prospects DM, which resides in this District, and who contracted with America's Lift for the calls at issue in this case.

## TCPA BACKGROUND

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

11. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

15. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do Not Call Registry

16. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

17. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

18. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

4

## FACTUAL ALLEGATIONS

19. Defendants are "person[s]" as the term is defined by 47 U.S.C. § 153(39).

20. Plaintiff is a "person" as the term is defined by 47 U.S.C. § 153(39).

21. Plaintiff Nelums's telephone number, (210)-710-XXXX, is registered to a cellular telephone service and has been for years prior to receipt of the calls at issue.

22. The number has been registered on the National Do Not Call Registry since June of 2003.

23. Mr. Nelums uses the number for personal, residential, and household reasons.

24. The number is not associated with any business.

25. Prospects DM placed multiple prerecorded telemarketing calls to Plaintiff's number, including on April 15, April 25, and May 3, 2022.

26. The recordings calls solicited the Plaintiff to purchase America's Lift's products.

27. During the April 15 call, the Plaintiff then spoke with "Izzy".

28. "Izzy" promoted America's Lift services by explaining the lift chairs' benefits, customizable options, warranty, and price.

29. "Izzy" identified www.americasliftchair.com as the website Plaintiff could visit to get more information concerning the products she was selling.

30. After the April 15 call, the Plaintiff sent a letter to America's Lift Chairs demanding that they stop calling him, but the calls continued.

31. Plaintiff did not provide his prior express written consent to receive the telemarketing calls at issue.

32. The calls were not necessitated by an emergency.

33. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendants because their privacy has been violated, they were annoyed and harassed, and, in some instances, may have been charged for incoming calls. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

### America's Lift's Liability for Prospects DM's Conduct

34. For more than twenty-five years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

35. In fact, the Federal Communication Commission has instructed that sellers such as America's Lift may not avoid liability by outsourcing telemarketing to third parties, such as Prospects DM:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*May 2013 FCC Ruling*, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

36. On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously

liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers."[1]

37. America's Lift is liable for Prospects DM's conduct because they control the manner and means of their telemarketing methods by:

    a)     expressly agreeing to their business mode of using a call center to generate sales;

    b)     instructing them on the geographic regions they can make calls into;

    c)     providing qualifications for potential clients to be sent, including age and personal health requirements; and

    d)     requiring a specific minimum number of sales per week.

38. America's Lift knew (or reasonably should have known) that Prospects DM was violating the TCPA on its behalf and failed to take effective steps within its power to force the telemarketer to cease that conduct.

39. Any reasonable seller that accepts telemarketing call leads from lead generators would, and indeed must, investigate to ensure that those calls were made in compliance with TCPA rules and regulations.

40. Notably, Prospects DM has been repeatedly implicated in TCPA lawsuits as a call center that make illegal calls without consumer consent.

41. Prospects DM has been the subject of multiple TCPA lawsuits, including involvement both in lawsuits where they were named and also lawsuits were they were identified

---

[1] *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd 6574, 6574 (¶ 1) (2013) ("May 2013 FCC Ruling").

7

as the calling party. *See Gunn v. Prospects DM, LLC*, No. 4:19CV3129 HEA, 2021 U.S. Dist. LEXIS 74746 (E.D. Mo. Apr. 19, 2021); *Williams v. Pillpack*, 2021 U.S. Dist. LEXIS 27496 (W.D. Wash. Feb. 12, 2021); *Jones v. Safe Sts. USA LLC*, No. 5:19-CV-394-BO, 2020 U.S. Dist. LEXIS 105364 (E.D.N.C. June 16, 2020); *McCurley v. Royal Seas Cruises, Inc.,* 331 F.R.D. 142 (S.D. Cal. 2019).

42. In fact, America's Lift's CEO, Jason Jue, previously managed another company, Icot Hearing Systems, LLC, which settled a TCPA class action against it based on calls made on its behalf by Prospects DM after filing a third party complaint against Prospects DM. *See Hennie v. Icot Hearing Systems, LLC*, No. 1:18-cv-2045 (N.D. Ga.).

43. Indeed, America's Lift Chair has been sued within the last year for calls made by Prospects DM on its behalf, and has continued its relationship with Prospects DM, resulting in the calls to the Plaintiff.

44. Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46). Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action on behalf of himself and the following Classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

46. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Prospects DM on behalf of America's Lift placed a call (3) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff (4) from four years prior to the filing of the Complaint through trial.
>
> **National Do Not Call Registry Class**: All persons within the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from Prospects DM on behalf of America's Lift (3) within a 12-month period, (4) from four years prior to the filing of the Complaint through trial.

47. Plaintiff Nelums is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the class members.

48. Excluded from the Classes are counsel, the Defendants, and any entities in which the any Defendant has a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

49. Plaintiff and all members of the Classes have been harmed by the acts of the Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

50. This Class Action Complaint seeks injunctive relief and money damages.

51. The Classes are defined above are identifiable through the Defendants' dialer records, other phone records, and phone number databases.

52. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes members number, at minimum, in the hundreds in each class.

53. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

54. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

55. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual class members.

56. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

    (a) Whether the Prospects DM used pre-recorded message to send telemarketing calls;

    (b) whether Prospects DM made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

    (c) whether Prospects DM accessed and removed numbers from its calling list that were on the National Do Not Call registry;

    (d) whether Prospects DM's conduct constitutes a violation of the TCPA;

    (e) whether America's Lift is vicariously liable for Prospects DM's conduct; and

    (f) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

57. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes.

58. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act
47 U.S.C. 227(b) on behalf of the Robocall Class**

59. Plaintiff incorporates the allegations from paragraphs 1-58 as if fully set forth herein.

60. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Robocall Class delivering pre-recorded messages.

61. As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behaves violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Robocall Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

62. If the Defendants' conduct is found to be knowing or willful, the Plaintiff and members of the Robocall Class are entitled to an award of up to treble damages.

63. Plaintiff and members of the Robocall Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from sending an artificial or prerecorded voice, except for emergency purposes, to any cellular telephone number in the future.

## SECOND CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227(c) on behalf of the National Do Not Call Registry Class

64. Plaintiff incorporates the allegations from paragraphs 1-58 as if fully set forth herein.

65. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

66. The Defendants' violations were negligent, willful, or knowing.

67. As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behaves violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

68. Plaintiff and members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other

12

persons or entities acting on Defendants' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on any Defendant's behalf from sending an artificial or prerecorded voice, except for emergency purposes, to any cellular telephone number in the future;

B. Injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on any Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

C. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

D. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

E. Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: May 6, 2022

                PLAINTIFF, individually and
                on behalf of others similarly situated,

                    By:

                THE LAW OFFICES OF BRIAN T. GILES, LLC

                /s/ Brian T. Giles
                Brian T. Giles (OH Bar No. 0072806)
                1470 Apple Hill Rd.
                Cincinnati, Ohio 45230
                513-379-2715
                brian@gilesfirm.com